UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICARDO CHIONG VALLEJO,

Petitioner,

v. Case No.: 2:26-cv-02595-SPC-NPM

GLADES COUNTY DETENTION CENTER,

Respondent.

_______________________________/

**OPINION AND ORDER**

Before the Court is Ricardo Chiong Vallejo's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Chiong Vallejo is a native and citizen of Cuba who entered the United States on April 29, 2022, and was arrested by U.S. Customs and Border Protection (CBP). On May 7, 2022, a CBP agent issued a Notice to Appear and a Notice of Custody Determination, which states that Chiong Vallejo will be released on his own recognizance and under conditions "pending a final administrative determination in [his] case." (Doc. 1-2 at 7). Since then, Chiong Vallejo has applied for asylum and received work authorization. His mother is a lawful permanent resident, and she filed a petition for alien relative on his behalf. Both petitions for immigration relief remain pending. Chiong Vallejo has no criminal record.

On September 3, 2026, Immigration and Customs Enforcement (ICE) arrested Chiong Vallejo because of his immigration status and detained him. Chiong Vallejo claims his detention violates his Fifth Amendment right to due process. In response, the government certifies it is detaining Chiong Vallejo under 8 U.S.C. § 1226(a) and argues the Court should deny the petition because Chiong Vallejo has not exhausted available administrative remedies—specifically, he has not requested a custody redetermination hearing.

Noncitizens detained under § 1226(a) have a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). The Court would normally order the respondents to bring Chiong Vallejo before an immigration judge for a bond hearing, but that is not necessary here. DHS already issued a custody determination—it found Chiong Vallejo would be released on his own recognizance pending a final administrative determination of his case, and Chiong Vallejo expressly (and reasonably) declined to request review of the favorable custody determination. (Doc. 1-2 at 7 at 10). The respondents do not claim he violated any of the conditions or otherwise argue why a bond hearing would be appropriate after DHS determined Chiong Vallejo should be released pending a decision in his removal case.

Accordingly, it is hereby

**ORDERED**:

Ricardo Chiong Vallejo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Chiong Vallejo within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record